**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**COURT FILE NO.:**

DEBRA FOGLE,

       Plaintiff,

v.

VALENTINE & KEBARTAS, INC., a Massachusetts corporation,

       Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for any pendent state law claims or issues.

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

### PARTIES

4. Plaintiff, Debra Fogle, is a natural person who resides in the City of Colorado Springs, County of El Paso, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Valentine & Kebartas, Inc., is a Massachusetts corporation and a collection agency operating from an address at 15 Union Street, Lawrence, Massachusetts, 01840, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6. Sometime before January 2006, the Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an amount due and owing on a personal account owed to Dell (hereinafter the "Account").

7. Due to circumstances beyond the Plaintiff's control the Account was not paid by the Plaintiff and it went into default with the creditor.

8. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

## DEFENDANT

9. On or about May 2006 through February 2007 the Plaintiff, the Plaintiff's sister, Mary Cay Woodward and the Plaintiff's mother, Donna Debartolo, received phone calls and messages from representatives, employees and / or agents of the Defendant who were attempting to collect the Plaintiff's Account. The Plaintiff also called the Defendant in response to the phone calls from the Defendant.

These phone calls and messages each individually constituted a "communication" as defined by FDCPA §1692a(2).

10. During the phone calls on or about May 2006 through February 2007 representatives, employees and / or agents of the Defendant repeatedly falsely threatened the Plaintiff that she had committed check fraud and would go to jail for check fraud if she did not pay the Account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(1), d(2), 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10), 1692f preface and f(3).

11. During the phone calls on or about May 2006 through February 2007 representatives, employees and / or agents of the Defendant repeatedly yelled at the Plaintiff while attempting to collect the Account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(10) and 1692f preface.

12. During the phone calls on or about May 2006 through February 2007 representatives, employees and / or agents of the Defendant attempting to collect the Account called the Plaintiff at her place of employment after the Plaintiff told them that she was not allowed to receive calls at work and to stop calling her at work. These actions constitute violations of the FDCPA including but not limited to 1692c(a)(1), c(a)(3), 1692d preface, 1692e preface, e(10) and 1692f preface.

13. During a phone call on or about May 2006 a representative, employee and / or agent of the Defendant called the Plaintiff's residence. The Plaintiff's sister, Mari

Cay Woodward, answered the phone. This phone call constituted a "communication" as defined by FDCPA §1692a(2).

14. The unknown collector asked for the Plaintiff.

15. Ms. Woodward stated that the Plaintiff was not home, that she was the Plaintiff's sister and asked if she could take a message.

16. The unknown collector repeatedly stated that the Plaintiff was in very serious trouble and that the Plaintiff needed to call 1-800-731-7766. These actions constitute violations of the FDCPA including but not limited to 1692c(b), 1692d preface, d(2), 1692e preface, e(5), e(7), e(10) and 1692f preface.

17. During a phone call on or about February 2007 a representative, employee and / or agent of the Defendant named "Belinda" called the Plaintiff's former residence. The Plaintiff's mother, Donna Debartolo, answered the phone. This phone call constituted a "communication" as defined by FDCPA §1692a(2).

18. Belinda asked for the Plaintiff.

19. Ms. Debartolo stated that the Plaintiff was not home, that she was the Plaintiff's mother and asked if she could take a message.

20. Belinda told Ms. Debartolo that the Plaintiff has been making her payments on the Account but was short four (4) dollars on the last payment, that the Plaintiff would be in big trouble if the payment did not go through and that the Plaintiff needed to call Belinda back at 1-800-731-7766 extension 337. These actions constitute violations of the FDCPA including but not limited to 1692c(b), 1692d preface, d(2), 1692e preface, e(5), e(7), e(10) and 1692f preface.

21. The Defendant has not filed any legal action(s) against the Plaintiff.

22. The Plaintiff has not been arrested or incarcerated at a result of the Defendant's actions.

23. The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

24. The Defendant and its representatives, employees and / or agents above listed statements constitute illegal communication in connection with debt collection and therefore violate FDCPA 1692c(a)(1), c(a)(3) and c(b).

25. The Defendant and its representatives, employees and / or agents above listed statements constitute harassment or abuse and therefore violate FDCPA 1692d preface, d(1) and d(2).

26. The Defendant and its representatives, employees and / or agents above listed statements constitute false or misleading representations and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(7) and e(10).

27. The Defendant and its representatives, employees and / or agents above listed statements involve unfair practices, false statements, humiliation and insults in collecting a debt and therefore constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface and f(3).

28. The Defendant's actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying her alleged debt.

29. The Defendant's actions as well as that of its representatives, employees and / or agents were willful, wanton and malicious violations of the FDCPA.

30. The Defendant's actions as well as that of its representatives, employees and / or agents were negligent violations of the FDCPA.

31. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## COUNT I, FDCPA VIOLATIONS

32. The previous paragraphs are incorporated into this Count as if set forth in full.

33. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(1), d(2), § 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10), 1692f preface and f(3).

34. The Defendant's violations are negligent.

35. The Defendant's violations are multiple, willful and intentional.

36. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## COUNT II, RESPONDEAT SUPERIOR

37. The previous paragraphs are incorporated into this Count as if set forth in full.

38. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

39. The negligence and actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

40. As a direct and proximate result of the aforesaid negligence and actions, the Plaintiff has suffered the aforementioned damages.

### COUNT III, INVASION OF PRIVACY
### UNREASONABLE INTRUSION UPON THE SECLUSION OF ANOTHER

41. The previous paragraphs are incorporated into this Count as if set forth in full.

42. The Defendant and its representatives, employees and / or agents intentionally intruded, physically or otherwise, upon the Plaintiff's solitude and seclusion by repeatedly falsely threatening the Plaintiff that she had committed check fraud and would go to jail for check fraud if she did not pay the Account, repeatedly yelling at the Plaintiff while attempting to collect the Account, calling the Plaintiff at her place of employment while attempting to collect the Account after the Plaintiff told them that she was not allowed to receive calls at work and to stop calling her at work, repeatedly telling the Plaintiff's sister that the Plaintiff was in very serious trouble and that the Plaintiff needed to call 1-800-731-7766 and telling the Plaintiff's mother that the Plaintiff has been making her payments on the Account but was short four (4) dollars on the last payment, that the Plaintiff

would be in big trouble if the payment did not go through and that the Plaintiff needed to call Belinda back at 1-800-731-7766 extension 337.

43. The Defendant and its representatives, employees and / or agents intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt that would be very offensive to a reasonable person in that position.

44. The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and / or private concerns or affairs.

45. The above listed intentional intrusion upon the Plaintiff by the Defendant and its representatives, employees and / or agents occurred in a way that would be highly offensive by a reasonable person.

46. The Plaintiff has been harmed because of the Defendant's invasion of privacy and has damages as a result of the invasion of privacy by the Defendant including but not limited to: emotional distress, loss of sleep, loss of enjoyment of life, humiliation and embarrassment because of such invasions of privacy by this Defendant.

47. As a result of such invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under state and federal law, including actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        _s/ David M. Larson_____
        David M. Larson, Esq.
        Attorney for the Plaintiff
        405 S. Cascade Avenue, Suite 305
        Colorado Springs, CO 80903
        (719) 473-0006

Address of the Plaintiff:
6025 Proud Eagle Court
Colorado Springs, CO 80915